## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVETTE CAVE<br>1235 South Greylock Street<br>Philadelphia, PA 19143 :<br>                     :<br>         Plaintiff,  :<br>                     :<br>    v.             :<br>                     :<br>METHODIST HOSPITAL<br>2301 South Broad Street<br>Philadelphia, PA 19148 :<br>    and        :<br>THOMAS JEFFERSON UNIVERSITY :<br>HOSPITALS, INC.<br>111 S. 11th Street :<br>Philadelphia, PA 19107 :<br>                     :<br>        Defendant.  : | CIVIL ACTION<br><br>No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## I.    INTRODUCTION

1.    This action has been initiated by Evette Cave (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000 *et. seq.*) and 42 U.S.C. § 1981. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.    JURISDICTION AND VENUE

2.    This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of

jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

### III.    <u>PARTIES</u>

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant Methodist Hospital (hereinafter individually referred to as "Defendant Methodist") is a non-profit Pennsylvania entity engaging in the business of providing health care services.

8.      Defendant Thomas Jefferson University Hospitals, Inc. (hereinafter individually referred to as "Defendant Jefferson") is part of the Jefferson Health System and manages and operates multiple campuses/divisions including but not limited to the Methodist Hospital (division).

9.      Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## ADMINISTRATIVE EXHAUSTION

11. In this lawsuit, Plaintiff files claims under Title VII of the Civil Rights Act of 1964 ("Title VII").

12. Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC").

13. Plaintiff has properly exhausted her administrative remedies for her Title VII claim(s) by timely filing the instant lawsuit within less than ninety (90) days after receiving a notice of dismissal for her claim(s).

## IV. FACTUAL BACKGROUND

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. Plaintiff is a black (African American) female.

16. Plaintiff worked for Defendants at Defendant Methodist on Broad Street in Philadelphia, Pennsylvania.

17. Plaintiff worked for Defendant beginning in or about 2001 as a certified nursing assistant.

18. During Plaintiff's employment, she was supervised by one Jane Cassidy (Caucasian).

19.     In or about July of 2008, Plaintiff filed a complaint with the Pennsylvania Human Relations Commission ("PHRC"), which was dual-filed with the Equal Employment Opportunity Commission ("EEOC").

20.     In her July 2008 Complaint to said agencies, Plaintiff complained of racial harassment, discrimination and retaliation by one Dina Stark (Caucasian nurse) and her manager, Cassidy.

21.     Cassidy was aware that Plaintiff had complained to the PHRC and/or EEOC during Plaintiff's employment after the July 2008 filing(s).

22.     Cassidy was interviewed as part of the PHRC investigation process about Plaintiff's allegations of discrimination after the July 2008 filing(s) during Plaintiff's employment.

23.     Plaintiff had also complained about discriminatory treatment to Defendants' management prior to her July 2008 filing(s).

24.     Following Plaintiff's July 2008 filing(s) with the PHRC and EEOC, Plaintiff was treated in a very hostile manner by Defendants' management.

25.     Plaintiff was terminated from Defendant on or about February 11, 2009.

26.     Plaintiff was told that she was being terminated from Defendant for alleged abuse of a patient.

27.     Plaintiff did not abuse a patient, and Defendants' management knew that Plaintiff did not engage in any misconduct prior to her termination.

Case 2:09-cv-04156-WD   Document 1   Filed 09/14/09   Page 5 of 11


**Count I**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Retaliation)**

28.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29.     Plaintiff engaged in protected activity by complaining about racial discrimination/retaliation to management before July of 2008 to Defendants' management.

30.     Plaintiff complained about racial discrimination and retaliation in the timeframe of July 2008 to the EEOC and PHRC, constituting protected activity.

31.     Plaintiff was terminated for engaging in protected activity.

32.     These actions as aforesaid constitute a violation of Title VII of the Civil Rights Act of 1964.

**Count II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Hostile Work Environment)**

33.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34.     Plaintiff was subjected to a hostile work environment for a period of several months prior to her termination by her management due to her race and/or because she engaged in protected activity.

35.     Plaintiff was pervasively and/or severely treated in a different manner than other employees in a derogatory, demeaning, and condescending manner.  Plaintiff was also subjected to unwarranted discipline and ostracism.

36.     These actions as aforesaid constitute a violation of Title VII of the Civil Rights Act of 1964.

**Count III**
**Violation of Title VII of the Civil Rights Act of 1964**
**(Racial Discrimination - Termination)**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Upon information and belief a motivating factor in the decision to terminate Plaintiff was her race.

39.     These actions as aforesaid constitute violations of Title VII of the Civil Rights Act of 1964.

**Count IV**
**Violation of 42 U.S.C. Section 1981**
**(Retaliation)**

40.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41.     Plaintiff engaged in protected activity by complaining about racial discrimination and retaliation in the workplace (as set forth above), and as a direct result, was terminated.

42.     These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

**Count V**
**Violation of 42 U.S.C. Section 1981**
**(Hostile Work Environment)**

43.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44.     Plaintiff was subjected to a hostile work environment for a period of several months prior to her termination by her management due to her race and/or because she engaged in protected activity.

45.     Plaintiff was pervasively and/or severely treated in a different manner than other employees in a derogatory, demeaning, and condescending manner.  Plaintiff was also subjected to unwarranted discipline and ostracism.

46.     These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

**Count VI**
**Violation of 42 U.S.C. Section 1981**
**(Racial Discrimination - Termination)**

47.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48.     Upon information and belief a motivating factor in the decision to terminate Plaintiff was her race.

49.     These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting retaliation/discrimination in the future against any employee(s);

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C.     Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D.     Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their

willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

       E.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

       F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & VIRANT**

By: _____
       Ari R. Karpf
       3070 Bristol Pike
       Bldg. 2, Ste. 231
       Bensalem, PA 19020

Date: September 14, 2009

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Evette Cave                                    CIVIL ACTION

v.

Methodist Hospital,                            NO.
et al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for
plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of
filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse
side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said
designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on
the plaintiff and all other parties, a case management track designation form specifying the track to
which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                 ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)


9/14/2009          Ari R. Karpf              Plaintiff
Date               Attorney-at-law           Attorney for

(215) 639-0801     (215) 639-4970            akarpf@karpf-law.com
Telephone          FAX Number               E-Mail Address

(Civ. 660) 10/02

APPENDIX F

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1235 South Greylock Street, Philadelphia PA 19143

Address of Defendant: 2301 South Broad Street, Philadelphia PA 19148

Place of Accident, Incident or Transaction: 111 South 11th Street, Philadelphia PA 19107. Defendants place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a non governmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☑

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐  No☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

I, Avi R. Karpf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/14/2009          Attorney-at-Law          ARK2484
                                                   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/14/2009          ARK2484

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

CAVE, EVETTE

**DEFENDANTS**

METHODIST HOSPITAL, et al.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia

County of Residence of First Listed Defendant    Philadelphia

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf, Virant & Swartz, 3070 Bristol Pike, Building 2 Suite 231, Bensalem PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus - Alien Detainee<br>☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000) and 42 USC 1981.
Brief description of cause:
Violations of Title VII of the Civil Rights Act of 1964 and 42 USC 1981.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S)** (See instructions):

JUDGE _____    DOCKET NUMBER _____

Explanation:

DATE  9/14/2009

SIGNATURE OF ATTORNEY OF RECORD